ELGUINDY, MEYER & KOEGEL, APC
DAVID M. DANIELS, CA SBN 170315
   *ddaniels@emklawyers.com*
2990 Lava Ridge Court, Suite 205
Roseville, CA 95661
Telephone: (916) 778-3310
Facsimile: (916) 330-4433
*Local Counsel*

SPIELBERGER LAW GROUP
GARY MARTOCCIO, FL SBN 099040
   *gary.martoccio@spielbergerlawgroup.com*
4890 W. Kennedy Blvd., Suite 950
Tampa, FL 33609
Telephone: (800) 965-1570
Facsimile: (866) 580-7499
Application *pro hac vice* to be filed

Attorneys for Plaintiff THOMAS LOZA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LOZA,<br><br>    Plaintiff,<br><br>vs.<br><br>INTEL AMERICAS, INC.,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**[JURY DEMANDED]** |

Plaintiff, THOMAS LOZA, by and through undersigned counsel hereby files his complaint against Defendant, INTEL AMERICAS, INC., and in support states as follows:

**JURISDICTION AND VENUE**

1.    Jurisdiction over Plaintiff's federal law claims is founded upon 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of all claims for and violation of Plaintiff's claims of his civil rights under the Age Discrimination in Employment Act

---
1
COMPLAINT

of 1967, 29 U.S.C. §§ 621 *et seq.* "ADEA" and the Employee Retirement Income Security Act of 1974, 29 U.S.C. 18 § 1001 et seq. (hereinafter "ERISA").

2. This is an action to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, harassment, and retaliation against Plaintiff because of his disability leading to his unlawful termination.

3. This is an action for violations of ERISA to redress Defendant's unlawful act of terminating Plaintiff's employment, which was done pretextually and with the purpose of interfering with a right to which Plaintiff would have become entitled under an employee benefit plan.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

**INTRADISTRICT ASSIGNMENT**

5. This case arose in Santa Clara County, California and, pursuant to Rule 3-2(e) of the Local Rules of the Northern District of California, should be assigned to the San Jose Division of the Northern District.

**PARTIES**

6. Plaintiff is a Citizen of the United States and all times material was a citizen of the State of Texas, residing in Harris County, Texas.

7. Defendant Intel Americas, Inc, is a Foreign Stock Company registered in Delaware, with its principle place of business in Santa Clara, San Jose County, California.

8. Plaintiff worked as a Technical Sales Manager/Director, Enterprise Sales-Growth for Defendant remotely in Spring, Texas. Plaintiff reported to Caitlin Anderson (General Manager of Business Client Sales) who worked in the Corporate office located at 2200 Mission College Blvd. Santa Clara, California. Plaintiff managed the growth and initiatives team within CCG BU with emphasis on Unite sales and edge partner deal structures. He was responsible for setting and executing Defendant's Unite sales strategy from direct to the edge. Plaintiff was also responsible for developing strategies for key sales initiatives/processes/partnerships across SMG to enable growth and trackability of Defendant's commercial client business. Plaintiff's was classified as an

exempt employee by receiving a base salary including bonuses based on performance regardless of the number of hours worked.

9. Defendant is a covered employer under the ADEA and ERISA.

## PROCEDURAL REQUIREMENTS

10. Plaintiff has complied with all statutory prerequisites to filing this action.

11. On or about February 18, 2020, Plaintiff dual-filed a claim with the California Department of Fair Employment and Housing ("FEHA") and the Equal Employment Opportunity Commission ("EEOC") satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on age.

12. On June 9, 2020, the EEOC issued a Notice of Rights to Sue.

13. A Tolling Agreement was entered by the Plaintiff and Defendant on September 4, 2020, wherein the Parties agreed to waive Plaintiff's right to claim that this litigation should not be dismissed due the expiration of the statute of limitations. The parties have a dispute regarding Plaintiff's termination of employment from Defendant as outlined in Plaintiff's Demand Letter of February 20, 2020 and the EEOC Charge of Discrimination.  The parties agreed to preserve their respective rights, claims, counterclaims, positions, and defenses while avoiding controversy at the time and to defer legal action or litigation at the time of executing the Tolling Agreement. The Toll Agreement is set to expire on September 25, 2020

14. This Complaint has been filed within the time of Tolling Agreement before it is set to expire.

## FACTUAL ALLEGATIONS

15. Plaintiff is a male who was over the age of forty-five (45) at all times material.

16. Plaintiff began working for Defendant in July 1997, in the capacity of multiple positions for over twenty-two (22) years.

17. Throughout Plaintiff's tenure with Defendant, Plaintiff was a hard-working employee who diligently performed and excelled his duties on a regular basis.

18. Defendant terminated Plaintiff under pretext and without following its typical progressive discipline process.

/ / /

3
COMPLAINT

19. Defendant further informed Plaintiff that he was being terminated due to his management style.

20. Defendant targeted Plaintiff due to his age and subjected Plaintiff to a hostile work environment by abruptly terminating Plaintiff.

21. Due to Plaintiff's age, the Defendant was and is known for creating and enforcing a well-known company policy known as "Rule of 75," which provides employees with full retirement benefits if the sum of an employee's age and years of service is equal to, or greater than, 75.

22. Due to the Defendant's 'Rule of 75' policy, Plaintiff was approximately four (4) years away from retirement with full benefits at the time of his termination. Specifically, Plaintiff was 45 years of age and employed with Defendant for 22 years at the time of his termination by Defendant.

23. Defendant intentionally prevented Plaintiff from reaching full retirement by abruptly terminating Plaintiff's employment on September 23, 2019.

24. Defendant treated Plaintiff in a disparate manner than other similarly situated employees in the events leading to Plaintiff's termination.

25. Defendant, in the months leading up to terminating Plaintiff, began to displace older employees in leadership roles who were told to accept a demotion or be terminated.

26. Defendant further discriminated against its employees over the age of 40, by demoting and terminating older employees, then hiring younger employees for management positions that were once held by employees over the age of 40 years old.

27. Defendant discriminated against Plaintiff due to his age, exercising its Rule of 75 policy and abruptly terminated Plaintiff's employment.

**FIRST CLAIM FOR RELIEF**

**(Age Based Discrimination in Violation for the ADEA)**

28. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-27 above.

29. At all times relevant to this action, Plaintiff was in a protected category under the ADEA because of his age.

30. Defendant is prohibited under the ADEA from discriminating against Plaintiff because of his age with regard to discharge, employee compensation and other terms, conditions and privileges of employment.

31. Defendant violated the ADEA by discharging and discriminating against Plaintiff based on his age.

32. Defendant intentionally discriminated against Plaintiff on the basis of his age.

33. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADEA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as sever mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering; for which he is entitled to an award of monetary damages and other relief.

34. Defendant's unlawful conduct in violation of the ADEA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

**SECOND CLAIM FOR RELIEF**

**(Age Discrimination Violation of the FEHA)**

35. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-34 above.

36. The FEHA prohibits an employer from discriminating on the basis of age. Cal Gov. Code § 12940(a). The FEHA claims herein are brought by Plaintiff.

37. Defendant has engaged in a pattern and practice of discriminating against individuals who are the age of 40 and older by (a) knowingly and intentionally, in the company's hiring and employment practices, treating adversely individuals who are 40 years old and older, and treating preferentially individuals who are under 40 years old, and (b) filling a disproportionately large percentage of its workforce with individuals under 40 years old (such that the median workforce age is 29 years old) even when there are many individuals age 40 or older who are availLozaable and well-qualified for the positions at issue.

38. As a direct and proximate result of Defendant's intentional discrimination, Plaintiff has been denied employment, denied the fair opportunity to obtain employment, and denied fair opportunities with regard to positions, compensation, and/or employment with Defendants.

39. Defendant used policies and practices related to hiring and employment described herein, that have had a disparate impact on the basis of age (discriminating against workers who are age 40 and older) that are not job-related for the positions at issue, not consistent with business necessity and are not necessitated by any reasonable factor other than age.

40. Defendant's actions constitute unlawful discrimination in violation of the FEHA.

### THIRD CLAIM FOR RELIEF

### (ERISA Violation)

41. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-40 above.

42. Defendant purposefully interfered with Plaintiff's right to continued health benefits under Defendant's employee benefit plan and purposefully interfered with Plaintiff's expectancy interest in life and disability insurance benefits under Defendant's insurance and retirement plans by terminating Plaintiff's employment because he exercised his rights pursuant to ERISA.

43. Defendant's interference caused Plaintiff to lose substantial health insurance benefits, life insurance benefits, retirement benefits, wages, and other fringe benefits or employment.

### JURY DEMAND

Plaintiff hereby demand that this matter be tried to a jury.

### PRAYER

**WHEREFORE,** Plaintiff, requests this Honorable Court:

a) Enter judgement requiring Defendant to pay back wages and back benefits found to be due and owning at the time of trial, front pay, compensatory damages, including emotional distress damages, punitive damages, and prejudgment interest thereon, in an amount to be proved at trial, but no less than $5,000,000;

///

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this court deems just and proper.

Dated: September 24, 2020              Respectfully submitted,

ELGUINDY, MEYER & KOEGEL, APC


By:  /s/ David M. Daniels
     David M. Daniels, Esq.
Local Attorneys for Plaintiff THOMAS LOZA (pending Application *pro hac vice* of Gary J. Martoccio)