UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS LOZA,

    Plaintiff,

v.

INTEL AMERICAS, INC.,

    Defendant.

No. C 20-06705 WHA

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

## INTRODUCTION

In this age-discrimination action, defendant employer moves to dismiss. To the extent stated herein, defendant's motion is **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

The following facts are taken from the complaint (Dkt. No. 1). Plaintiff Thomas Loza began working for defendant Intel Americas, Inc. in 1997 until his termination in 2019. Over the course of his 22 years of employment with Intel, he had multiple positions. Most recently, he held the position of "Technical Sales Manager/Director, Enterprise Sales-Growth" (*id*. at ¶ 18). At all relevant times to this litigation, plaintiff was over 45, and he worked for Intel remotely while residing in Texas (*id*. at ¶¶ 6, 8, 15). He "reported to Caitlin Anderson, General Manager of Business Client Sales, who worked in" Intel's corporate office in Santa Clara, California (*id*. at ¶ 8). Plaintiff was classified as an exempt employee. Regardless of

hours worked, he received a base salary, including bonuses — based on his performance (*ibid*.).

Throughout his employment, plaintiff "was a hard-working employee who diligently performed and excelled" at "his duties on a regular basis" (*id*. at ¶ 17). Intel purported to terminate him because of "his management style." But the complaint alleges that Intel terminated him "under pretext and without following its typical progressive discipline process" (*id*. at ¶ 18). The complaint alleges, instead, that Intel "intentionally" and "abruptly" terminated plaintiff in September 2019 because of his age (*id*. at ¶¶ 19, 23, 27).

Intel "was and is known for creating and enforcing a well-known company policy known as 'Rule of 75,' which provides employees with full retirement benefits if the sum of an employee's age and years of service is equal to, or greater than, 75" (*id*. at ¶ 21). Plaintiff's combined 22 years of employment and 45 years of age at the time of his termination, put him only four years shy of receiving full retirement benefits. The complaint alleges that Intel terminated him in order to prevent plaintiff from reaching full benefits under Intel's Rule of 75 policy (*id*. at ¶ 23).

The complaint also alleges that Intel "began to displace older employees in leadership roles who were told to accept a demotion or be terminated" in the months leading to plaintiff's termination; treated plaintiff in a "disparate manner than other similarly situated employees" (*id*. at ¶ 24); and that Intel "further discriminated against its employees over the age of 40, by demoting and terminating older employees, then hiring younger employees for management positions that were once held by employees over the age of 40 years old" (*id*. at ¶ 26).

Based on these allegations, plaintiff brings claims for age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*., and California's Fair Employment Housing Act ("FEHA"). Plaintiff also brings a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.

On February 18, 2020, plaintiff filed charges of age discrimination with both the EEOC and FEHA (*id*. at ¶ 11). On June 9, 2020, the EEOC issued a notice of rights to sue (*id*. at ¶ 12). On September 4, 2020, because plaintiff gave Intel a settlement offer, the parties entered a

tolling agreement (*id*. at ¶ 13). Therein, the parties "agreed to preserve their respective rights, claims, counterclaims, positions, and defenses while avoiding controversy at the time" and agreed to defer legal action (*ibid*.). Intel, however, never came back to plaintiff's counsel settlement proposal — radio silence. Plaintiff then filed this action on September 24, 2020, just a day before the tolling agreement was set to expire on September 25 (*ibid*.).

Intel moves to dismiss, arguing that all of plaintiff's claims are either inadequately pled and/or barred (Dkt. No. 14).

**ANALYSIS**

As an initial matter, Intel requests judicial notice of both the tolling agreement and the EEOC's notice of right to sue to plaintiff (Dkt. Nos. 14-1–14-3). In considering a motion to dismiss, a court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached" to the plaintiff's pleading. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citation and quotation omitted). Because the complaint here references and incorporates both documents that Intel seeks judicial notice of (Dkt. No. 1 ¶¶ 12–13), and because plaintiff does not dispute their authenticity, this order **GRANTS** Intel's requests for judicial notice.

1. **ADEA.**

Intel argues that plaintiff's ADEA claim is both time barred and inadequately pled. For the following reasons, this order disagrees with both points.

*(i)   The ADEA Claim Is Not Time Barred.*

On June 9, 2020, the EEOC issued plaintiff his notice of right to sue on his ADEA claim (Dkt. No. 14-2). The notice informed him that he had ninety days to sue (*ibid*.). Plaintiff thus had until September 7 to sue Intel — though Intel says September 10 (Dkt. No. 14 at 9) (citing *Payan v. Aramark Mgmt. Servs. L.P.*, 495 F.3d 1119, 1123–24 (9th Cir. 2007). Regardless, because plaintiff filed his complaint herein on September 24, his ADEA claim is barred in either case, but for the enforceability of the tolling agreement, as now discussed.

On September 4, the parties entered into a tolling agreement because plaintiff had a settlement offer outstanding (Dkt. No. 14-3). Their agreement provided for a tolling period

3

between September 4 and September 25. They "agree[d] and covenant[ed] with each other not to file suit with respect to the Dispute during the Tolling Period" (*id*. at 2). Though the tolling agreement provided for early termination by either party, it required "written notice . . . via both overnight mail and e-mail" (*id*. at 1). Intel never responded to the offer — not a word, total radio silence.

Intel contends that plaintiff cannot seek refuge in the parties' tolling agreement to argue that his claim is timely, because plaintiff materially "breached the tolling agreement and his obligation not to file suit when he filed this lawsuit prematurely" on September 24, one day prior to the expiration of the tolling agreement (Dkt. No. 14 at 10). Accordingly, it argues that rescission of the tolling agreement is warranted, which renders plaintiff's ADEA claim time barred (Dkt. No. 14 at 10–11) (citing *Honey v. Henry's Franchise Leasing Corp.*, 64 Cal.2d 801, 804 (1966) ("When a vendee has materially breached his contract, the vendor has an election to rescind or to enforce the contract.") (citation omitted)).

This order disagrees. Intel will not be allowed to toss the ADEA claim because plaintiff filed a day too soon. Plaintiff substantially complied with the agreement. When the contemplated settlement discussions did not occur, he waited until one day before the tolling agreement lapsed and then filed suit. By filing suit one day early, he may have technically violated the agreement; but if he had waited one more day, Intel might have argued that the agreement had already expired at midnight and the suit was too late. Intel was not prejudiced by the timing and it would be a miscarriage of justice to allow Intel to foist the agreement on its former employee, boycott the intended settlement talks, and then claim it was prejudiced by losing one day of the standstill period. The ADEA claim is thus timely, at least on the Rule 12 record.

Intel has 28 days to waive this limitations argument or full discovery will be allowed into the circumstances.

### *(ii) The ADEA Claim Is Plausible.*

Intel argues that the complaint fails to raise a prima facie case of age discrimination under the ADEA. In particular, Intel emphasizes that the complaint does not allege that

4

1    plaintiff was replaced by a younger employee. But, as our court of appeals observed in
2    *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045 (9th Cir. 2012), the absence of such an
3    allegation is not fatal to pleading a claim under the ADEA.
4        Rather, to plead a prima facie case of an ADEA violation, a plaintiff must allege that he
5    was (1) at least forty; (2) "performing his job in a satisfactory manner"; (3) discharged; and (4)
6    "either replaced by [a] substantially younger [employee] with equal or inferior
7    qualifications *or* discharged under circumstances otherwise giving rise to an inference of age
8    discrimination." *Sheppard*, 694 F.3d at 1049 (emphasis and alteration in original) (citation and
9    quotation omitted). "An inference of discrimination can be established by showing the
10   employer had a continuing need for the employee['s] skills and services in that their various
11   duties were still being performed . . . or by showing that others not in their protected class were
12   treated more favorably." *Id*. at 1049–50.
13       In *Sheppard*, the plaintiff's allegation that her five "younger comparators kept their jobs"
14   was sufficient to give rise to an inference of discrimination because it plausibly suggested a
15   continuing need for the plaintiff's skills and services, as her various duties were still being
16   performed. *Id*. at 1050. Noting the brevity of the plaintiff's complaint, our court appeals
17   stated that in a "straightforward" case of discrimination, even after *Bell Atlantic Corp. v.*
18   *Twombly*, 550 U.S. 544, 570 (2007) and its progeny, alleging that "she was over forty and
19   received consistently good performance reviews, but was nevertheless terminated from
20   employment while younger workers in the same position kept their job" amounted to an
21   "entirely plausible scenario" of employment discrimination. *Ibid* (internal quotations omitted).
22   So too here.
23       Here, the complaint alleges that Intel terminated plaintiff, age 45, even though plaintiff
24   "was a hard-working employee who diligently performed and excelled" at "his duties on a
25   regular basis" (Dkt. No. 1 ¶¶ 15, 17–18). Nevertheless, the complaint alleges that Intel
26   "intentionally" and "abruptly" terminated him because of his age without following "its typical
27   progressive discipline process" (*id*. at ¶¶ 18–23, 27). Thus, plaintiff has pled the first three
28   elements under *Sheppard*.

5

Furthermore, the complaint also alleges that Intel (*id*. at ¶¶ 24–26):

> [T]reated Plaintiff in a disparate manner than other similarly situated employees in the events leading to Plaintiff's termination.
>
> [I]n the months leading up to terminating Plaintiff, began to displace older employees in leadership roles who were told to accept a demotion or be terminated.
>
> [D]iscriminated against its employees over the age of 40, by demoting and terminating older employees, then hiring younger employees for management positions that were once held by employees over the age of 40 years old.

Taken in plaintiff's favor, these allegations support an inference that plaintiff was "discharged under circumstances otherwise giving rise to an inference of age discrimination." *Sheppard,* 694 F.3d at 1049. Accordingly, plaintiff has pled sufficient facts satisfying the fourth element under *Sheppard* as well, and, with it, a plausible claim under the ADEA. *See Twombly*, 550 U.S. at 570 (a complaint must plead "enough facts to state a claim to relief that is plausible on its face.").

Accordingly, Intel's motion to dismiss plaintiff's ADEA claim for failure to state a claim is **DENIED**.

### 2. FEHA.

Plaintiff also brings a claim for age discrimination under California's Fair Employment Practices Act. Intel argues that plaintiff, a resident of Texas at all relevant times, cannot avail himself of suing under FEHA because FEHA, a California statute, does not apply extraterritorially (*see Campbell v. Arco Marine, Inc.*, 42 Cal.App.4th 1850, 1858–59 (1996)). This order agrees.

Plaintiff agrees that FEHA does not apply extraterritorially (Opp. 13). Instead, he claims that the fact that he worked for Intel in Texas is not dispositive, because the relevant inquiry is whether or not the conduct that gave rise to his claim occurred in California (*ibid*.). "Under California law, the relevant inquiry for whether a state law is being applied extraterritorially is not the location of employment or where the contract was formed, but rather whether 'the conduct *which gives rise to liability* . . . occurs in California.' " *Leibman v. Prupes*, 2015 WL 3823954, at *7 (C.D. Cal. Jun. 18, 2015) (Judge Christina A. Snyder) (citation omitted)

6

(emphasis in original)).  Under this standard, plaintiff claims to have alleged sufficient facts to invoke FEHA's protection.  Not so.

Beyond the two general allegations that Intel's principal place of business is located in Santa Clara (Dkt. No. 1 ¶ 7), and that he "reported to Caitlin Anderson . . . who worked" at Intel's corporate office in Santa Clara (*id*. at ¶ 8), the complaint spares the details concerning who fired him, and where that person was when they did it.  *See Gonsalves v. Infosys Technologies, Inc.*, 2010 WL 1854146, at *5 (N.D. Cal. May 6, 2010) (Judge Marilyn Patel) (dismissing an Ohio plaintiff's FEHA claim based on extraterritoriality where similar details were lacking).

The allegation that plaintiff reported to Caitlin Anderson in California does not also fairly translate into an allegation that Anderson also fired him.  Similarly, in the absence of any allegation that any Intel employees at Intel's Santa Clara main office is tied to the decision to terminate plaintiff, the complaint's allegation that Intel's principal place of business is in California is of no avail to plaintiff here.  Accordingly, plaintiff's reliance on *Sims v. Worldpac Inc.*, 2013 WL 663277 (N.D. Cal. Feb. 22, 2013) (Judge Jeffrey White), is misplaced.  In *Sims*, unlike in *Gonsalves* and here, the plaintiff had identified the corporate individuals involved in his adverse employment action as working at the defendant's headquarters in California, and had alleged that those individuals made the adverse decision in California.  *Id*. at 3.

In short, there are simply no substantive allegations from which to determine whether or not any tortious conduct relating to plaintiff's termination occurred in California.  In the absence of any allegation showing a nexus between California and plaintiff's termination, plaintiff — a resident of Texas — cannot invoke the protection of FEHA.  Accordingly, his FEHA claim must be dismissed pursuant to the presumption against extraterritoriality.  *See Campbell*, 42 Cal.App.4th at 1852 ("FEHA was not intended to apply to non-residents where . . . the tortious conduct took place out of [California's] territorial boundaries.").

Intel's motion to dismiss plaintiff's FEHA claim is thus **GRANTED**.

7

### 3. ERISA.

Though the complaint fails to identify which section of ERISA plaintiff's alleged claim arises under, the parties' briefs center on Section 510 of ERISA. That Section provides:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provision of the employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan . . . .

29 U.S.C. § 1140. In *Dytrt v. Mountain States Tel. & Tel. Co.*, 921 F.2d 889 (9th Cir. 1990), our court of appeals held that "Section 510 prevents an employer from arbitrarily discharging an employee whose pension rights are about to vest." *Id*. at 896. It stated that a plaintiff "must show that [his] employment was terminated because of a specific intent to interfere with ERISA rights" and that "no action lies where the alleged loss of rights is a mere consequence, as opposed to a motivating factor behind the termination." *Ibid*.

Intel contends that the complaint fails to plead a plausible claim under Section 510 because plaintiff was four years shy of becoming eligible for early retirement benefits and, thus, his rights were not "about to vest" (Dkt. No. 14 at 15). It also argues that plaintiff has failed to plead plausible facts showing that Intel terminated him with the "specific intent" of denying him ERISA benefits (Dkt. No. 14 at 16). Plaintiff disagrees. He contends that he has pled sufficient facts and characterizes the issues raised by Intel as issues of fact not proper for resolution on a motion to dismiss. This order sides with plaintiff.

The complaint alleges that after 22 years of employment at Intel and consistent hard work, Intel terminated plaintiff when he was just four years shy of attaining early retirement benefits under its Rule of 75 policy. The complaint further alleges that Intel did not give a truthful reason for terminating him, did not follow its own discipline process, and importantly, that Intel "intentionally prevented [p]laintiff from reaching full retirement by abruptly terminating" his employment (Dkt. No. 1 ¶ 23). The complaint thus states a plausible claim under Section 510 of ERISA. This order is unpersuaded by Intel's contention that a four-year gap between plaintiff's termination and when his ERISA rights would have otherwise vested is unreasonable as a matter of law. Tellingly, Intel cites to no authority for such a proposition.

Accordingly, Intel's motion to dismiss plaintiff's ERISA claim is **DENIED**. Intel's requests for judicial notice of the third and fourth amended complaints in *Barker v. Insight Global, LLC*, 2018 WL 6334992 (N.D. Cal. Dec. 5, 2018) (Judge Beth Freeman), is **DENIED**, as they are unnecessary to the resolution of this motion.

## CONCLUSION

For the foregoing reasons, Intel's motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is invited to move for leave to amend his complaint by **JANUARY 5, 2021, AT NOON**. His motion should affirmatively demonstrate how the proposed amended complaint corrects the deficiencies identified in this order, as well as any other deficiencies, if at all, raised in Intel's motion but not addressed herein. The motion should be accompanied by a redlined copy of the amended complaint.

**IT IS SO ORDERED.**

Dated: December 22, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE