UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS LOZA,

    Plaintiff,

v.

INTEL AMERICAS, INC.,

    Defendant.

No. C 20-6705 WHA

**ORDER DENYING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

This is a case of alleged age discrimination in employment in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* Defendant moves to file under seal the entirety of an internal complaint by an Intel employee involving plaintiff's misconduct at a tradeshow which led to plaintiff's termination that is the subject of this action. For the reasons that follow, the motion to file under seal is **DENIED**.

\*     \*     \*

The public has "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "This right is justified by the interest of citizens in keeping a watchful eye on the workings of public agencies." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted).

"Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point. A party seeking a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard. That is, the party must articulate compelling reasons supported by specific factual findings, that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1178–79 (cleaned up).

"What constitutes a compelling reason is best left to the sound discretion of the trial court. Examples include when a court record might be used to gratify private spite or promote public scandal, to circulate libelous statements, or as sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citations omitted).

Under our local rules, requests to seal "must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). "A party must explore all reasonable alternatives to filing documents under seal . . . and avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)." Civil L.R. 79-5(a). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(c).

\*    \*    \*

As for the reason that the internal employee complaint warrants sealing, defendant's counsel's declaration merely states in a conclusory fashion: "The trade secret and proprietary records and information supporting Defendant's Motion for Summary Judgment derive value from not being generally known to the public, including information such as internal company strategy and brand standards" (Dkt. No. 50-1 ¶ 5.)

But defendant's motion does not specifically identify the information in the document that supposedly constitutes proprietary company strategy and brand standards. The vast majority of the document concerns the personnel drama at the tradeshow and has nothing to do with internal company strategy or brand standards. Thus, the requested sealing is wildly overbroad, not narrowly tailored, and is deniable on that ground alone.

Defendant's vague reference to "internal company strategy and brand standards" does not meet its burden to show specific, compelling reasons overcoming the strong presumption in favor of public access to judicial records.

Therefore, the motion to seal is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 13, 2022

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE